IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Julia Bohm, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   11 C 6826 |
| Bureau of Collection Recovery, LLC, a Minnesota limited liability company, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Julia Bohm, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.   This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.   Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3.   Plaintiff, Julia Bohm ("Bohm"), is a citizen of the State of Virginia, from whom Defendant attempted to collect a delinquent consumer debt, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Bureau of Collection Recovery, LLC ("BCR"), is a Minnesota limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. From offices in Minnesota and India, Defendant BCR operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant BCR was acting as a debt collector as to the delinquent consumer debt it was attempting to collect by repeatedly calling Plaintiff.

5. Defendant BCR is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, BCR conducts business in Illinois.

6. Moreover, Defendant BCR is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, BCR acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

7. Ms. Bohm is a senior citizen, with limited assets and income, who fell behind on paying her bills. When Defendant BCR began trying to collect a debt from Ms. Bohm, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendant BCR's collection actions.

8. Accordingly, on June 2, 2011, one of Ms. Bohm's attorneys at LASPD informed BCR, in writing, that Ms. Bohm was represented by counsel, and directed BCR to cease contacting her, and to cease all further collection activities because Ms. Bohm

was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

9. Nonetheless, Defendant BCR continued to call Ms. Bohm, including, but not limited to, telephone calls on June 3, 4, 6, 7, 8, 9, 10, 11, 13, 14, 15, 16, 17, 20, 21, 22, 23, 24, 27, 28, 29, and 30, 2011, and July 1, 5, 6 and 7, 2011, from various phone numbers beginning with a 202 area code and a 607 exchange and/or a 540 area code with 318 and/or 446 exchanges, multiple times a day, in an attempt to collect a debt.

10. Accordingly, on July 26, 2011, one of Ms. Bohm's LASPD attorneys had to write to Defendant BCR again to demand that it cease collection of the debt. Copies of this letter and fax confirmation are attached as Exhibit D.

11. Defendant BCR's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant BCR's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
## Violation Of § 1692d Of The FDCPA –
## Harassment And Abuse Through Numerous
## Improper Telephone Calls

13. Plaintiffs adopt and reallege ¶¶ 1-12.

14. Section 1692d of the FDCPA prohibits a debt collector from engaging in any conduct, the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, see 15 U.S.C. § 1692d.

15. Defendant, through its agents, by continually calling Ms. Bohm several times a day for weeks on end, after being told to not contact her, engaged in conduct,

3

the natural consequence of which was harassing, oppressive and abusive, in violation of § 1692d of the FDCPA.

16. Defendant BCR's violations of § 1692d of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692c(c) Of The FDCPA --
## Failure To Cease Communications

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications. See, 15 U.S.C. § 1692c(c).

19. Here, the letter from Ms. Bohm's, agent/attorney, LASPD, told Defendant BCR to cease communications (Exhibit C). By continuing to communicate regarding a debt, Defendant BCR violated § 1692c(c) of the FDCPA.

20. Defendant BCR's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT III
## Violation Of § 1692c(a)(2) Of The FDCPA --
## Communicating With A Consumer Represented By Counsel

21. Plaintiff adopts and realleges ¶¶ 1-12.

22. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can

readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

23. Defendant BCR knew that Ms. Bohm was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant, in writing (Exhibit C), that she was represented by counsel, and had directed Defendant BCR to cease directly communicating with her. By directly calling Ms. Bohm, despite being advised that she was represented by counsel, Defendant BCR violated § 1692c(a)(2) of the FDCPA.

24. Defendant BCR's violations of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Julia Bohm prays that this Court:

1. Find that Defendant BCR's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Bohm, and against Defendant BCR, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Julia Bohm, demands trial by jury.

Julia Bohm,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: September 28, 2011

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com